UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONY MANLEY,

                        Plaintiff,

            v.

DEPUTY WARDEN ERIC RAMOS *et al.*,

                        Defendants.

13 Civ. 2662

**OPINION**

Plaintiff Tony Manley, proceeding *pro se*, alleges that prison officials violated his constitutional rights by subjecting him to searches while he was incarcerated.

Defendants move to dismiss the complaint.  Manley moves to amend his complaint.  Defendants' motion to dismiss is granted.  Manley's motion to amend is denied.

**The Complaint**

Manley filed a form prisoner complaint, alleging that he was subjected to searches twice each day from October 21, 2012, to February 2013, while incarcerated at Otis Bantum Correctional Center in East Elmhurst, New York.  He alleges that at least some of these searches were conducted using a full-body x-ray machine.  Defendant Deputy Warden Eric Ramos allegedly ordered the searches.

Manley lists Captain Moore and Captain Hayes, two other prison officials, as defendants in the caption of the complaint, but he alleges no facts about them.

1

According to the court docket, defendants Moore and Hayes waived service of

process, but defendant Ramos has not yet been served.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint must plead sufficient facts to state a claim for relief that is plausible on its face.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007).  In deciding a motion under Rule 12(b)(6), a court must accept as true the facts

alleged in the complaint.  Id.  A *pro se* plaintiff "is entitled to a particularly liberal reading"

of his complaint.  Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011).  But even a

*pro se* plaintiff must plead enough facts to state a claim for relief that is plausible on its face.

Johnson v. City of New York, 669 F. Supp. 2d 444, 448–49 (S.D.N.Y. 2009).

Defendants move to dismiss the complaint, contending that the searches do not

violate Manley's constitutional rights.  Moreover, defendants assert that Manley has failed to

plead some defendants' personal involvement.

Searches Do Not Violate Manley's Constitutional Rights

Although Manley asserts claims under the Eighth and Fourteenth Amendments, the

court construes plaintiff's complaint as an allegation that the prison searches constitute an

unreasonable search in violation of the Fourth and Fourteenth Amendments.

The Supreme Court has repeatedly held that prison officials must be permitted to

devise reasonable search policies to detect and deter the possession of contraband in their

facilities.  Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510,

1517 (2012).  The task of determining whether a policy is reasonably related to legitimate

security interests is peculiarly within the province and professional expertise of corrections

officials.  Id.  Thus, in the absence of substantial evidence to indicate that the officials have

exaggerated their response to these considerations, courts should ordinarily defer to their

expert judgment in such matters.  Id.

Applying this framework, the Supreme Court has, for example, upheld as reasonable

strip searches and body cavity searches after a prisoner has a contact visit with a person from

outside the prison because prison officials have a legitimate need to keep contraband out of

prisons.  Bell v. Wolfish, 441 U.S. 520 (1979).  Because x-ray searches are less invasive than

a strip search, this court has held that a prisoner's rights are not violated by x-ray searches

conducted pursuant to a reasonable prison policy.  Larkins v. Bartlett, No. 88 Civ. 8169,

1990 WL 1488 (S.D.N.Y. Jan. 8, 1990).

Here, Manley alleges that he was searched twice each day and that some searches

were conducted by x-ray machine when he goes through the "secure pass."  But the mere

existence of searches pursuant to a prison policy without an allegation that the searches are

an exaggerated response to security concerns is insufficient to show that the search violated

Manley's constitutional rights.  As the Supreme Court has instructed, it is not the province of

this court to second-guess prison officials' policies to prevent contraband and weapons in the

institution.

Manley alleges that the searches must be retaliatory because he has never been caught

with a weapon.  But his record of good behavior is not sufficient for this court to require

prison officials to exempt him from routine searches.  See Florence, 132 S. Ct. at 1518.  Nor

is his good behavior sufficient to state a claim for retaliation.  Although prison searches

executed solely to harass or humiliate a prisoner may implicate constitutional rights, see

Florence, 132 S. Ct. at 1523, the facts alleged here do not raise an inference of intentional

misconduct by prison officials.  Accordingly, Manley's complaint is dismissed.

Personal Involvement

Personal involvement of a defendant is a prerequisite to liability under § 1983.

Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001).  Merely mentioning

defendants in the caption is insufficient to plead personal involvement.  See Alfaro Motors,

Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987).  Here, Manley names Captain Moore and

Captain Hayes as defendants in the caption, but he never mentions them again in the body of

the complaint.  He alleges no facts showing how these two defendants allegedly violated his

rights.  Accordingly, claims against defendants Moore and Hayes are dismissed.

Failure to Serve Defendant Ramos

Manley filed his complaint on April 22, 2013, but the record shows that—after almost

one year—the complaint has not been served on defendant Ramos.  Federal Rule of Civil

Procedure 4(m) requires a defendant to be served with the summons and complaint within

120 days after the complaint is filed.  Accordingly, the claim against defendant Ramos are

dismissed for failure to serve.

Motion to Amend

Manley moves to amend his complaint, but he has not provided any additional factual allegations. Thus, without new allegations, it appears any amendment to the complaint would be futile. The motion to amend the complaint is denied without prejudice to renewal within sixty days if plaintiff provides the court with a proposed amended complaint.

## Conclusion

The complaint is dismissed in its entirety. The motion to amend is denied. This opinion resolves the motions listed as document numbers 15 and 19.

So ordered.

Dated: New York, New York
April 16, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4 / 16 / 14

5

Mailed from Chambers to:

Tony Manley
13-A-3417
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562-5442